(97 App. Div. 496.)

In re HATCH.

(Supreme Court, Appellate Division, Fourth Department.　October 11, 1904.)

1. EXECUTORS—PAYMENT OUT OF PROCEEDS OF REAL ESTATE.
　　Under Code Civ. Proc. § 2793, subd. 6, providing that out of the remainder of the money (the proceeds of the sale of decedent's real estate for payment of debts, which the section provides shall be distributed in a certain order) must be paid any sum which has been found due the executor, on a judicial settlement of his account, after applying thereon the proceeds of the personal property, an executor is to be paid the sum found due him on a judicial settlement of his account for expenses of administration.
　　McLennan, P. J., dissenting.

Appeal from Surrogate's Court, Monroe County.

In the matter of the disposition of the real property of Elam Hatch, deceased.　From a decree disallowing the claim of the executrix for the sum found due her on a judicial settlement of her account for expenses of administration, she appeals.　Reversed.

The opinion of the surrogate referred to in dissenting opinion is as follows:

In the transmission of the real estate of a debtor to his heirs at law or next of kin, devisees, or legatees, it becomes charged with his debts, and may be appropriated in payment thereof in this court, under the provisions of Code Civ. Proc. §§ 2749–2801.　It is a right of a creditor thus provided, and attaches to the real estate of the decedent immediately upon his death, and continues during the period of three years after the issuing of letters testamentary or of administration.　The deceased debtor may, however, prevent its sale under these provisions by devising it expressly charged with the payment of debts or funeral expenses, or by giving his executor a valid power of sale for the payment thereof.　Code Civ. Proc. §§ 2749–2759; Matter of Richmond, 168 N. Y. 385, 61 N. E. 647.

The decree upon the judicial settlement of the accounts of the executor herein has found as her due for expenses of administration and will contest $4,756.95.　This amount is claimed for her upon the distribution of the proceeds of the real estate under the language of section 2793, subd. 6, which reads as follows:

"(6) Out of the remainder of the money must be paid the sum, if any, which has been found to be due to the executor or administrator, upon a judicial settlement of his account, after applying thereupon the proceeds of the personal property.　But this subdivision does not authorize the repayment, to an executor or administrator, of any sum paid by him to a creditor of the decedent, exceeding the proportion which that creditor would be entitled to receive from the estate of the decedent, upon the distribution of all the assets of the decedent, and the proceeds of the property disposed of as prescribed in this title."

The language of this subdivision has been the subject of judicial interpretation and construction in a line of decisions culminating in the Matter of Summers, 37 Misc. Rep. 575, 75 N. Y. Supp. 1050, holding that the provision is intended to apply only to such amount as may be found due the administrator (or executor) on account of debts and funeral expenses, as provided in section 2749, and expressly dissenting from Shute v. Shute, 5 Dem. Sur. 1. I must follow this line of decisions and hold that this court has no power to direct the payment of said administration and will contest expenses from the proceeds of the real estate.　The Matter of Summers was decided in March, 1902.　In 1900, section 2514 of the Code was amended so as to make the definition of the word "creditor" include any person having a claim for expense of administration.　This amendment took effect September 1, 1900

(Laws 1900, p. 209, c. 120), and this proceeding was begun by the filing of the petition on June 9, 1900.

Waiving the question as to whether the amendment applied to pending proceedings, let us consider whether it could be made applicable if the proceeding had been begun subsequent to the time the amendment took effect. The consideration of subdivision 6 is eliminated under the authorities cited above. Subdivision 7 requires that the funeral expenses should be paid, and subdivision 8 provides: "Out of the remainder must be paid in full the other debts which were established and recited in the first decree, etc.; or, if there is not enough for that purpose, they, or so much thereof as the money applicable thereto will pay, must be paid in the order prescribed by law for payment of a decedent's debts by an executor or administrator out of the personal assets." If this claim were to be allowed as preferred, there would be nothing left for the creditors. If it comes in as a general claim it must be paid, under the provisions of this section, in the order in which the executor should pay the decedent's debts, and that order is prescribed by section 2719, which makes the following order of payment: First, debts entitled to a preference under the laws of the United States; second, taxes assessed on the property of the deceased previous to his death; third, judgments docketed and decrees entered against the deceased, according to the priority thereof; fourth, all recognizances, bonds, sealed instruments, notes, bills, unliquidated demands, and accounts; and this claim must, if at all, come under the classification of a bill, unliquidated demand, or account. But by the earlier provisions of subdivision 8 it must also be a debt which was established in the first decree. The point is made that the first decree does not establish it as a debt. In terms it does not, but the right of this claimant is saved under that decree, provided it is a claim which can be legally recognized in the decree and is subsequently established, and such establishment would relate back and make it obtain all the benefits to be derived as if it had been enumerated in the first decree. But the debts or claims which may be classified and established by the first decree are enumerated and defined in the Code. Section 2755 provides that a creditor of the decedent may present and prove his debt upon the return of the citation. The decree must determine and specify the amount of each debt as a valid and subsisting debt against the decedent's estate. Section 2758. And the decree can be made only when it is established that the debts for the payment of which the decree is made are the debts of the decedent, or just and reasonable charges for his funeral expenses, or liens by judgments, etc. Unless the amendment has made the person having the claim for administration expenses a creditor of the decedent, no claim can be made under this subdivision. The definitions of section 2514 do not apply in any case where a contrary intent is expressly declared in the provisions to be construed, or plainly apparent from the context thereof. Such seems to be the fact here. Such a person is not a creditor of the decedent, nor are such debts his debts. To hold otherwise would be inconsistent with the theory of the law that creditors had a lien which attached immediately upon death, because these expenses are not then incurred. It would also be necessary to hold that when a testator effectually devises his real estate charged with the payment of his debts, or gives a valid power of sale in the executor for the payment of his debts, he inferentially charges the real estate with the payment of expenses. The contention asked for is revolutionary. It would be necessary to read the amendment into sections where it does not appear and with which it seems to be inconsistent. The matter is one for legislative enactment. It is not one of the claims upon which the proceeding may be instituted, unless we are to hold that the testator's debts include the expenses and costs of contests upon the administration of his estate. There is no other provision for distribution under which the claim will lie, and I must and do disallow it as not being within the power of this court to order paid from the proceeds of the real estate.

There is included in Schedule B a claim for payments made to another creditor, Mrs. Seamon, to the amount of $200 and interest. Upon proof of this claim and the payment thereof by the executor, she is subrogated to the rights of the original creditor, and entitled to share in the distribution of

the proceeds of the real estate precisely as if the claim were established and scheduled in the first decree herein.

I know of no provision whereby the allowance made for the widow's quarantine can be paid out of the proceeds of the real estate, but I will hear counsel further thereon. An order or decree may be made and entered disallowing the claim for reimbursement for expenses of administration and will contest established upon the judicial settlement of the accounts herein in the said amount of $4,756.95.

Dated January 26, 1904.　　　　　　　GEO. A. BENTON, Surrogate.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Clarence W. McKay, Fletcher C. Peck, and William A. Sutherland, for appellants.

Hiram R. Wood, for respondents.

STOVER, J. The claim for payment out of the fund in this proceeding is made under subdivision 6 of section 2793 of the Code of Civil Procedure, which, so far as material here, is as follows:

"Out of the remainder of the money must be paid the sum, if any, which has been found to be due to the executor or administrator, upon a judicial settlement of his account, after applying thereupon the proceeds of the personal property. * * *"

We think the claim was improperly rejected and should have been allowed. A number of authorities upon the question of who may institute proceedings, etc., are cited, and cases that arose before the present provisions of the Code went into effect are referred to, but none is authority binding upon us for the position contended for by the respondent. It is quite true that at common law the real estate of a decedent descended to the heirs free from any debts, but our statutes have entirely abrogated this rule, and no question is made as to the power of the Legislature to enact the existing statutes. By the amendment of 1863 (chapter 400, p. 691, Laws 1863) the executor was allowed any sum found due upon the settlement of the account, after applying thereon the proceeds of the personal estate; and by a subsequent amendment the executor was not permitted to receive any sum in repayment of moneys paid by him to a creditor beyond that which the creditor would have been permitted to receive upon the distribution of all the assets of the estate of the decedent. Evidently this provision was intended to prevent collusive settlements with creditors by which one creditor would receive more than another.

It is not necessary to discuss the right of an executor to institute proceedings, or his right to share as a creditor, for if these questions are open ones they are not in the case. This case arises under subdivision 6 of section 2793, above cited. It is intimated that the construction contended for by appellants will not lead to equitable results, but it is difficult to see why it will not. Under the statute all of the property of a decedent is applicable to the payment of his debts. The executor or administrator is bound to administer the estate, and the expense incurred, so far as it is reasonable and necessary, is a charge to be paid before distribution can be had. No good reason is suggested for charging the executor personally with the payment of the expenses of administration, and by a judicial settlement which is conclusive upon all

parties, and in a proceeding where all have been heard, it has been adjudicated that the expense of administration incurred by the executrix is a reasonable charge upon the estate, and the sum expended has been found due the estate. Why should a distinction be made between the distribution of proceeds of real estate and that of personal property? Under the statute, each is liable for debts of the deceased, the object being to apply all the property of decedent to the payment of debts. No more equitable reason exists against the payment of proceeds of a sale of real estate for expenses of administration than there would if the deceased had converted it into personal property just before his death. The statute charges the real estate with debts, directs the manner of disposing of it, and the disposition of the proceeds. It may be that in some cases creditors will not be paid in full, or that expenses of administration may be larger than the proceeds of the sale. Yet this is not sufficient to charge the executor personally with the payment of the expenses. In this case the executrix was bound to conduct a long litigation in which she finally succeeded. It has been adjudged that the expenses incurred were necessary, and the sum expended has been declared due. Under the plain provision of the statute she is entitled to payment after payment of liens.

The decree of the Surrogate's Court, in so far as it disallows the claim of the executrix, should be reversed, and the decree corrected by directing the payment of the sum found due the executrix upon the settlement of her accounts, after applying thereon the proceeds of the personal property, if any, applicable thereto, and directing the payment of the remainder according to law, with costs to the executrix appellant. All concur, except McLENNAN, P. J., who dissents.

All concur, except McLENNAN, P. J., who dissents upon the ground stated in the opinion of the learned surrogate refusing to allow the claim in question.